UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

SAUNDVALLEE B.,

                              Plaintiff,

       -against-                                                          5:17-CV-0867 (LEK)

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                              Defendant.

_____

## <u>DECISION AND ORDER</u>

## I.     BACKGROUND

On August 8, 2017, pro se plaintiff Saundvallee B. filed a complaint under 41 U.S.C.

§ 405(g) against defendant Social Security Commissioner, as well an application to proceed in

forma pauperis ("IFP"). Dkt. Nos. 1 ("Complaint"), 3 ("IFP Application"). On August 10, 2017,

the Court granted Plaintiff's IFP Application. Dkt No. 6 ("August 2017 Order"). On December

18, 2017, Defendant filed the Social Security Administrative Record and Transcript, and the

Court set a February 1, 2018 due date for Plaintiff's brief. Dkt. No. 12 ("Record"). On February

2, 2018, Plaintiff requested a two-month extension to file his brief, Dkt. No. 15 ("Plaintiff's First

Extension Request"), which the Court granted in part, extending the deadline to March 23, 2018,

Dkt. No. 16 ("February 2018 Text Order"). On March 23, 2018, the Court granted Plaintiff's

request for another two-month extension. Dkt. Nos. 17 ("Plaintiff's Second Extension Request"),

18 ("March 2018 Text Order"). When Plaintiff had not filed his brief by May 30, 2018, the Court

issued a text order instructing Defendant to file her brief within sixty days, notifying Plaintiff

that he would have thirty days after service of Defendant's brief to file a brief in support of his

position should he choose to do so, and warning Plaintiff that "his continued inaction in this matter could result in the Court dismissing his case." Dkt. No. 19 ("May 2018 Text Order") (citing Fed. R. Civ. P. 41(b) and Local Rule 41.2(a)). After the Court granted Defendant a thirty-day extension, Dkt No. 21 ("July 2018 Text Order"), Defendant filed her brief on August 28, 2018. Dkt. No. 22 ("Defendant's Brief"). Plaintiff did not submit a response and has taken no further action in this case. Docket.

## II.     LEGAL STANDARD

"A District Court may, sua sponte, dismiss an action for lack of prosecution." Lukensow v. Harley Cars of N.Y., 124 F.R.D. 64, 66 (S.D.N.Y. 1989); see also Harding v. Fed. Reserve Bank of N.Y., 707 F.2d 46, 50 (2d Cir. 1983) ("[D]ismissal pursuant to Fed. R. Civ. P. 41(b) for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court."). "[D]ismissal is a harsh remedy and is appropriate only in extreme situations," and "district courts should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

When considering a dismissal for failure to prosecute under Rule 41(b), the Court must consider five factors:

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

Id. No one factor is dispositive. LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001).

**III.    DISCUSSION**

The first factor favors dismissal because Plaintiff has taken no action on this case since

filing his second extension request in March 2018, a failure to prosecute of significant duration.

See Jiminez v. Astrue, No. 09-CV-50S, 2010 WL 419982, at *2 (W.D.N.Y. Jan. 29, 2010) ("Six

months is a failure of significant duration."); Lopez v. Catholic Charities of Archdiocese of N.Y.,

No. 00-CV-1247, 2001 WL 50896, at *3 (S.D.N.Y. Jan. 22, 2001) (dismissing under Rule 41(b)

where "plaintiff has failed to take any steps to prosecute this action for at least three months");

see also N.D.N.Y.L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be

presumptive evidence of lack of prosecution.").

The second factor favors dismissal because the May 2018 Text Order put Plaintiff on

notice that failure to file his brief could result in dismissal. The third factor also favors dismissal

because, unlike cases of moderate or excusable delay in which there is a need to show actual

prejudice, Plaintiff's year of unexplained inaction is presumed to prejudice Defendant. See Lyell

Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) ("Prejudice to defendants resulting

from unreasonable delay may be presumed, but in cases where delay is more moderate or

excusable, the need to show actual prejudice is proportionally greater.") (internal citations

omitted). The fourth factor, in contrast, favors Plaintiff because "[t]here must be compelling

evidence of an extreme effect on court congestion before a litigant's right to be heard is

subrogated to the convenience of the court." Lucas, 84 F.3d at 535–36. There is no evidence of

such an "extreme effect" in this case.

Finally, the Court has considered lesser sanctions and concluded, based on Plaintiff's

apparent disinterest in pursuing his case, that they would be ineffective. See Smith v. Human

Res. Admin. of N.Y.C., No. 91-CV-2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000)

("[L]esser sanctions are not appropriate in this case [because] [c]ourt orders and direction have not prompted plaintiff to move her case forward."). Additionally, Plaintiff is proceeding IFP, "rendering monetary sanctions inappropriate." Id. The Court has also considered deciding the merits of the appeal in the absence of Plaintiff's brief as the Second Circuit has indicated that, at least in the summary judgment context where a plaintiff fails to respond to a defendant's statement of material facts, "resolutions on summary judgment . . . are generally to be preferred to dismissals under Rule 41(b)." LeSane, 239 F.3d at 211. In LeSane, however, the plaintiff prosecuted the case for over a year before failing to comply with the court's order to respond to the defendant's statement of material facts. Id. at 210. In contrast, dismissal is appropriate here because Plaintiff has taken almost no action since filing his Complaint, and has provided no guidance—in the Complaint or elsewhere—as to the grounds on which he appeals. See Ortega v. Apfel, 5 F. App'x 96, 97 (2d Cir. 2001) (affirming dismissal under Rule 41(b) where "[t]he record reveals that, beyond filing his complaint . . . [plaintiff] took no action to prosecute his case."); see also Rivera v. Comm'r of Soc. Sec. Admin., No. 16-CV-2316, 2017 WL 1683660, at *2 (N.D. Ohio Apr. 11, 2017), report and recommendation adopted sub nom. Rivera v. Comm'r of Soc. Sec., No. 16-CV-2316, 2017 WL 1649825 (N.D. Ohio May 2, 2017) (dismissing complaint against Commissioner of Social Security under Rule 41(b) because plaintiff failed to file brief on the merits).

The balance of the five factors indicates that this action should be dismissed. See Lopez, 2001 WL 50896, at *6 (dismissing under Rule 41(b) where, like here, all factors except court congestion favored dismissal).

IV.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED** for failure to prosecute;

and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order

upon the parties in this action in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     May 22, 2019
           Albany, New York

Lawrence E. Kahn
U.S. District Judge